# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40801
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JULIO EDGAR RUIZ-BAUTISTA, also known as Julio Edgar Ruiz, Jr.,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-73-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Julio Edgar Ruiz-Bautista challenges his above-Sentencing Guidelines sentence of, *inter alia*, 54-months' imprisonment, imposed upon his pleading guilty, without a plea agreement, to reentry of a deported alien, in violation of 8 U.S.C. § 1326(a). Prior to his first removal, Ruiz was convicted for aggravated sexual assault of a child under the age of 14.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-40801

Ruiz contends the imposition of an upward variance was substantively unreasonable because the district court erred:  in balancing the sentencing factors in 18 U.S.C. § 3553(a) by overvaluing his criminal history and undervaluing his significant health problems; and in considering his criminal history when the Guidelines already accounted for it.  We assume Ruiz' assertions at his sentencing hearing regarding his desired sentence were sufficient to preserve these challenges.  *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764, 766–67 (2020).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  The court abuses its discretion in imposing a non-Guidelines sentence when it:  "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors".  *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (citation omitted).  For the following reasons, Ruiz fails to make that showing.

In determining the sentence, the court considered Ruiz' presentence investigation report, the Government's motion for an upward departure, the parties' assertions at sentencing, and Ruiz' allocution.  The court took Ruiz'

No. 19-40801

deteriorating health and his need for dialysis into consideration but found his health had not prevented him from reentering the United States illegally (Ruiz' counsel responded to the court that Ruiz's dialysis treatment had begun prior to his illegal reentry).  Finally, the court weighed the 18 U.S.C. § 3553(a) sentencing factors and determined an upward variance was warranted based on Ruiz' underrepresented criminal history and the need to protect the public from further criminal activity committed by him.

Ruiz' contention the Sentencing Guidelines already accounted for his criminal history, rendering it an irrelevant or improper sentencing factor for consideration pursuant to 18 U.S.C. § 3553(a), lacks merit.  *See United States v. Brantley*, 537 F.3d 347, 348–350 (5th Cir. 2008).  His challenge amounts to a request for this court to reweigh the 18 U.S.C. § 3553(a) factors, which we will not do, because "the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant".  *Diehl*, 775 F.3d at 724 (citation omitted).

AFFIRMED.